RECEIVED
APR - 3 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00296-01 |
|---|---|
| -vs- | JUDGE DRELL |
| JAMES CHRISTOPHER WEEKS | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Pending before us is a motion by James Christopher Weeks pursuant to 28 U.S.C. § 2255. Mr. Weeks insists, as he did at the time of sentencing, that the sentence was calculated incorrectly in the presentence report. Specifically, he says, based upon the number of properly considered prior convictions, he should not have been regarded as a career offender. Having reviewed his motion carefully, as well as the previous investigative material and evidence not available at the time of sentencing, we agree. Thus, we have determined that the defendant did not have an intervening arrest in regard to his Aggravated Assault with a Deadly Weapon (299th District Court, Travis County, Texas, Dkt. No. 993417) conviction, his Burglary of a Habitation (299th District Court, Travis County, Texas, Dkt. No., 992618) conviction, or his Robbery (299th District Court, Travis, Texas, Dkt. No. 992047) conviction. Specifics of these convictions are as follows:

1) Weeks committed the offense of Aggravated Assault on March 29, 1999. The victim of this assault was Christopher Cassidy, who was struck about the

head and torso through the use and exhibition of a deadly weapon, to wit: a metal rod. Weeks's co-defendants in this case were Albert G. Leos, Jr., and Robert Ochoa. Although we know the offense occurred on March 29, no date for a resulting arrest could be identified during the presentence investigation. As such, the Department of Probation and Pretrial Services in Louisiana and in Texas (which gathered and submitted the investigative material from that area) utilized the offense date in lieu of an arrest date. However, the newly received documentation, which is an Affidavit for Warrant of Arrest and Detention (Doc. No. 55) (relating to this offense) was not issued until July 15, 1999. The defendant was in custody at that time. In fact, there is still no evidence to indicate an actual arrest date, only formal charges.

2) Weeks committed the offense of Burglary of a Habitation on May 4, 1999. The victim in this case was Mike Wilson, who was the owner of the residence. The defendant and Samantha Gunn unlawfully entered Mr. Wilson's residence and committed theft. The defendant was not arrested for this offense until on or about May 7, 1999.

3) Weeks then committed the offense of Robbery on May 7, 1999. The victims of this offense were Paul Hughes and Javier Pena. The defendant and Jimmy Earl Crawford threatened and robbed Mr. Hughes and Mr. Pena at gunpoint. After receiving a report of this offense (on the date of the offense), police officers identified the defendant's vehicle, and a brief vehicle pursuit ensued.

Ultimately, the defendant fled from officers on foot, but was apprehended on that same date, May 7, 1999.

It is clear that these are three separate incidents, committed on different dates, with separate co-defendants, and involving separate victims. As indicated above, the presentence report used the offense date (of the March 1999 Assault) in scoring the defendant's criminal history, as there was no apparent arrest date. In light of the recently revealed documentation, it is clear that the defendant could not have been arrested for the March 1999 Assault until after May 7, 1999, because the arrest warrant was not signed until July 1999.

U.S.S.G. 4A 1.2(a)(2) provides that prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest. If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. We are further instructed to count any prior sentence covered by (A) or (B) as a single sentence.

In this case, we now know for certain there was no intervening arrest. So the Guidelines require we look to the next criteria, which are charging instruments. There were separate charging instruments as to each of these prior offenses, as these are so clearly separate offenses. However, the third Guideline

3

criteria requires that the sentences <u>not</u> be imposed on the same date in order to be counted separately.

In this case, the sentences were all imposed on the same date, September 17, 2001. As such, Weeks should not have been found by this Court to be a career offender.

It should also be noted that Weeks has additional convictions for violent offenses, which could not be used in determining career offender status, as follows: 1) Assault with Bodily Injury, to which Weeks pled guilty on October 3, 2001 and was sentenced to 120 days in jail. This matter involved an assault of his mother, when he struck her with a table leg and stomped her foot and ankle. 2) Assault with Family Violence, to which Weeks pled *nolo contendere* on October 3, 2001 with a sentence of 120 days in jail. This offense involved the assault of a female family member by striking her about the head.

Additional arrests involving violence were also indicated, as follows: 1) Aggravated Battery, arrest on March 3, 1998 with no disposition indicated. This offense was initially charged as Aggravated Rape of Samantha Gunn, who was once Weeks's girlfriend (and co-defendant). 2) Second Degree Kidnaping, arrest on November 30, 2000, with prosecution declined. The arrest stemmed from a report filed by an ex-girlfriend, but upon her request, the District Attorney's Office declined prosecution.

Further, the defendant has multiple pending charges for drug related activity in Winn Parish, Grant Parish, Natchitoches Parish, and Rapides Parish, the impact of which is not determined at this time.

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or, (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992). The scope of relief under §2255 is consistent with that of the writ of habeas corpus. Id.

A claim may not be reviewed under §2255 absent a showing of cause and prejudice or actual innocence. U.S. v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under §2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal.

The cause and prejudice test, however, does not apply to claims of ineffective assistance of counsel which are ordinarily brought for the first time on collateral review. U.S. v. Gaudet, 81 F.3d 585, 589 n.5, (5th Cir. 1996).

To establish that his legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the

5

two-pronged test set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel actually had an adverse effect on the defense).

Put succinctly, Weeks was not properly designated as a career offender, because of the sentencing date of the recounted violent convictions. Whether that status will remain is presently unclear, but it is clear that a recalculation of his criminal history must occur after his presentence report and particularly his criminal history is revised. Accordingly,

IT IS ORDERED that the sentence of Weeks is hereby vacated. The Department of Probation and Pretrial Services must prepare a revised presentence report and serve the same on counsel for the Government and Defendant. A new sentencing hearing will be held on May 1, 2013 beginning at 10:00 A.M. in Alexandria, Louisiana.

SIGNED on this 3rd day of April, 2013 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

COPY SENT:
DATE: 4-3-13
BY:
TO: USPO
USM